**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandi Shakia Smith, | No. CV-22-00459-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Gail Chase, et al., | |
| Defendants. | |

Pending before the Court are Defendants Gail Chase and Nicole Bosco's Motion to Dismiss the Complaint (Doc. 11) and Motion for Order Requiring Plaintiff to Obtain Leave of Court Before Submitting Additional Filings (Doc. 45). Also pending are Plaintiff's Motions: Request for Answer of Judgment (Doc. 34), Request for Arbitration and Award (Doc. 35), Motion for Court-Ordered Relief or Court Order (Doc. 39), Request for Pre-trial Conference (Doc. 47), Motion to Strike Defendants' Motion for an Order to Obtain Leave of Court and Motion to Strike Defendants' Opposition to Plaintiff's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment (Doc. 49), Motion for Summary Judgment (Doc. 51), Motion and Certification to Appoint an Expert (Doc. 54), and Motion for Order for Delivery of Possession (Doc. 55). For the reasons below, Defendants' Motion to Dismiss is granted, and the remaining motions are denied as moot.

# BACKGROUND

## I. Factual Background

Freedom Senior Management ("FSM"), which is not a party to this lawsuit, owns and manages retirement communities. In March 2018, Plaintiff, Ms. Brandi Shakia Smith, was employed as a part-time Activities Assistant at one of FSM's communities, Thunderbird Senior Living ("Thunderbird"), in Glendale, Arizona. On March 1, 2018, Plaintiff alleges that she made a verbal complaint about the presence of a coworker's dog in their workplace. Plaintiff claims that after she voiced her initial complaints, this coworker, Ms. Kimberly Romero, a Human Resources Director at Thunderbird, sought to limit Plaintiff's communication with Thunderbird's staff "by verbal use of coercive force." (Doc. 1 at 6.) After that, on March 10, 2018, Plaintiff claims that FSM's Arts and Leisure Director, Ms. Valerie Leethip, posted a scheduling change and hired two new Activities Assistants, even though Plaintiff was available for employment at that time.

On March 13, 2018, Plaintiff alleges that she requested to speak with an officer from the Glendale Police Department because she worried someone might be stalking her. According to a police report appended to the Complaint, Plaintiff reported that while she was in the Police Department, Ms. Romero approached her and engaged in violent behavior.[1] The police report notes that there was no security footage to verify Plaintiff's account of the altercation. Nevertheless, Plaintiff claims that this incident report acknowledges that she was a victim of a crime.

At some later point, Ms. Romero allegedly received a note from Plaintiff's doctor explaining a recent absence from work due to a hospitalization. Despite receiving this note, Ms. Romero denied Plaintiff's request to return to work. Plaintiff claims that Ms. Romero's actions were discrimination and directly related to her existing condition, which according to her cover sheet, is bipolar disorder. As a result, Plaintiff filed charges against

---

[1] "In resolving a Rule 12(b)(2) motion, the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion." *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (S.D. Cal. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 123 (2014)).

FSM with the U.S. Equal Employment Opportunity Commission ("EEOC"), which opted not to investigate the matter.

Plaintiff now claims that she is entitled to relief under the Americans with Disabilities Act ("ADA") for lost wages from March 30, 2018, until April 16, 2018. Plaintiff also claims that FSM's Chief Operating Officer and Executive Director, Ms. Gail Chase and Ms. Linda Wiley, were aware of her doctor's note, witnessed Ms. Romero's discrimination, and wrongfully obtained her medical information on April 4, 2018, in violation of the Privacy Act of 1974. According to the Complaint, these actions amount to negligence that resulted in a "complete reduction of [her] hours of employment." (Doc. 1 at 7.). Plaintiff also raises claims under A.R.S. § 36-502 and A.R.S. § 36-506 and ultimately asks the Court to "grant injunctive relief . . . in the amount of $150,000." (Doc. 1 at 7.).

**II.     Procedural History**

Defendants filed this Motion to Dismiss on April 15, 2022. Initially, Plaintiff named Gail Chase, Linda Wiley, Kimberley Romero, and Ms. Nicole Bosco (FSM's current Human Resources Director) as Defendants. However, Plaintiff failed to properly serve Ms. Wiley and Ms. Romero, despite being given several opportunities to correct her method of service. (*See* Docs. 15, 22.) Thus, this action was terminated as to Ms. Wiley and Ms. Romero on June 24, 2022. (Doc. 32.) Ms. Chase and Ms. Bosco, however, waived service of process on April 25, 2022. (*See* Doc. 13–14.)

In addition to her Complaint, Plaintiff has filed various motions, including a Motion for Judgment (Doc. 34), a Request for Arbitration and Award (Doc. 35), a Motion for Court-Ordered Relief or Court Order (Doc. 39), a Request for Pre-trial Conference, (Doc. 47), a Motion for Summary Judgment (Doc. 51), a Motion and Certification Appoint an Expert (Doc. 54) and a Motion for Order for Delivery of Possession (Doc. 55).

**DISCUSSION**

**I.     Motion to Dismiss**

    **A.  Legal Standard**

Ms. Chase and Ms. Bosco argue that the Court lacks personal jurisdiction over them (Doc. 11).  A motion to dismiss for lack of personal jurisdiction may be brought under Fed. R. Civ. P. 12(b)(2).  "In resolving a Rule 12(b)(2) motion, the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion." *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (S.D. Cal. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 123 (2014)).  "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990)).  However, this burden is minimal.  Where a plaintiff relies solely on written materials to prove jurisdiction, she must make "only a prima facie showing of jurisdictional facts to withstand the motion to dismiss" based on personal jurisdiction.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (internal punctuation omitted).  To determine whether Plaintiff has met this burden, uncontroverted allegations in her Complaint must be taken as true, and any factual conflicts must be resolved in her favor.  *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).  Because Plaintiff appears pro se, the Court must construe her filings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed").

### B. Analysis

Where no federal statute governs jurisdiction over an action, as is the case here, a federal court applies the long-arm statute of the state in which it sits.[2]  *Mei Zhu He v. Bradford White Corp.*, No. CV139396GAFMRWX, 2014 WL 12591921, at *1 (C.D. Cal. Apr. 24, 2014).  In Arizona, courts may exercise personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a).  Thus, "a federal court may exercise personal jurisdiction if doing so

---

[2] In some of her filings, Plaintiff appears to believe she has asserted a claim under the Clayton Act.  Nevertheless, Plaintiff has not named any corporate defendants in this lawsuit.  *See California Clippers, Inc. v. U. S. Soccer Football Ass'n*, 314 F. Supp. 1057, 1061 (N.D. Cal. 1970) (declining to apply the Clayton Act's jurisdictional provision to an association because it was not a corporation).

comports with federal constitutional due process." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). A court's exercise of personal jurisdiction comports with federal due process if a non-resident defendant has "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The "minimum contacts" standard contemplates two distinct forms of personal jurisdiction: general and specific jurisdiction. *Goodyear Dunlop Tires Ops. v. Brown*, 564 U.S. 915, 919 (2011).

### 1. General Jurisdiction

"General jurisdiction . . . permits a court to hear 'any and all claims' against a defendant, whether or not the conduct at issue has any connection to the forum." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). This standard is exacting and is only met if a defendant's actions "approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801. An individual's frequent visits to a forum, or even his owning property in a forum, without more, do not justify the exercise of general jurisdiction over him. *See Span Constr. & Eng'g, Inc. v. Stephens*, No. CIV–F–06–0286 AWI DLB, 2006 WL 1883391, at *5 (E.D.Cal. July 7, 2006).

Ms. Bosco has never been to Arizona.[3] (Doc. 11-3 at 1.) Therefore, the Court has no basis for asserting general jurisdiction over her. For her part, Ms. Chase traveled to Arizona about four times a year in connection with her work for FSM. (Doc. 11-2 at 1.) While these business trips were semi-frequent, Plaintiff does not allege that Ms. Chase has any other contacts with the state. Thus, the trips do not meet the exacting general jurisdiction standard. *See, e.g.*, *Hendricks v. New Video Channel Am., LLC*, No. 2:14-CV-02989-RSWL-S, 2015 WL 3616983, at *4 (C.D. Cal. June 8, 2015) (noting

---

[3] Plaintiff has not disputed the facts alleged in Ms. Chase and Ms. Bosco's affidavits. "[T]hus there are no factual conflicts to be resolved in Plaintiff's favor." *Grismore v. Cap. One Fin. Servs. Corp.*, No. CV-05-2460-PHX-SMM, 2006 WL 8440793, at *2 (D. Ariz. June 9, 2006).

that an individual's eight or nine business trips to California did not justify the exercise of general jurisdiction where he did not have other substantial ties to the state). Accordingly, the Court lacks general personal jurisdiction over both defendants.

### 2. Specific Jurisdiction

Specific jurisdiction exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). In the Ninth Circuit, specific jurisdiction is proper where three requirements are met: "(1) The nonresident defendant must do some act . . . by which he purposely avails himself of the privilege of conducting activities in the forum . . . (2) the claim must be one which arises out of or results from defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable." *Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1199 (C.D. Cal. 2000) (quoting *Schwarzenegger*, 374 F.3d at 802). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If she does, Defendants must "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

In light of these requirements, specific jurisdiction cannot be properly exercised over Ms. Bosco or Ms. Chase. Ms. Bosco has never been to Arizona, so she has not met the first requirement for the proper exercise of specific jurisdiction. Although Ms. Chase's business travel for FSM meets the first requirement, Plaintiff's claims against her do not arise from Ms. Chase's forum-related activities. Simply put, there is no "case-linked" connection between Ms. Chase and the state of Arizona, and no clear explanation of how being aware of Ms. Romero's activities would make Ms. Chase personally liable for anything.

Plaintiff's allegations toward Ms. Chase are limited to the cursory statement that she was "subjected to . . . and witnessed the Human Resources Director's false implementation of work-related restrictions without any contractual arrangement or agreement with [Plaintiff's] medical provider to obtain (any record of release) of [Plaintiff's] medical information." (Doc. 1 at 6–7.) Ms. Chase is a resident of Florida.

Nowhere in Plaintiff's Complaint does she allege how Ms. Chase "witnessed" "false implementation of work-related restrictions" by personally availing herself of her right to be in Arizona. That is, Plaintiff does not allege that Ms. Chase was in Arizona when she somehow witnessed Ms. Romero's false implementation of work-related descriptions. Indeed, Plaintiff does not contest Ms. Chase's assertion that she has never witnessed any other FSM personnel interact with Plaintiff. (Doc. 11 at 11.) Further, even accepting Plaintiff's statement that Ms. Chase witnessed some improper behavior, Plaintiff fails to allege how such witnessing would render Ms. Chase personally liable for any claim. *Meyer v. Holley*, 537 U.S. 280, 286 (2003) ("[I]n the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents."). For those reasons, there is no case-linked connection between Ms. Chase's Arizona activities on the one hand and Plaintiff's claims on the other. Thus, the Court lacks specific jurisdiction over Ms. Chase.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 11) is granted, and Plaintiff's claims against the parties (Doc. 1) are dismissed without prejudice. The Clerk of Court is directed to terminate this action.

**IT IS FURTHER ORDERED** that the remaining motions are denied as moot, including Defendants' Motion for Order Requiring Plaintiff to Obtain Leave of Court Before Submitting Additional Filings (Doc. 45), Plaintiff's Request for Answer of Judgment (Doc. 34), Request for Arbitration and Award (Doc. 35), Motion for Court-Ordered Relief or Court Order (Doc. 39), Request for Pre-trial Conference (Doc. 47), Motion to Strike Defendants' Motion for an Order to Obtain Leave of Court and Motion to Strike Defendants' Opposition of Plaintiff's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment (Doc. 49), Motion for Summary Judgment

(Doc. 51), Motion and Certification to Appoint an Expert (Doc. 54), and Motion for Order for Delivery of Possession (Doc. 55).

Dated this 6th day of February, 2023.

_____
G. Murray Snow
Chief United States District Judge